IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BANK OF MONTREAL, AS ADMINISTRATIVE AGENT )<br>)<br>)<br>Plaintiff, )<br>)<br>) No. 10-cv-00624<br>v. )<br>) Honorable Harry D. Leinenweber<br>YELLOW CAB SERVICE CORPORATION OF FLORIDA, )<br>INC., a Florida corporation, *et. al.* )<br>)<br>)<br>)<br>Defendants. ) | |

## ORDER GRANTING MOTION TO APPROVE SETTLEMENT AGREEMENT, JUDGMENT OF FORECLOSURE AND PRIVATE SALE

THIS MATTER coming before the Court on the following: (i) the motion of Plaintiff, Bank of Montreal, a Canadian chartered bank acting through its Chicago branch, as Administrative Agent for certain Lenders (the *"Agent"*), for entry of its Motion to Approve Settlement Agreement, Judgment of Foreclosure and Private Sale (the *"Motion"*) (Docket No. 59); (ii) the Joinder of Defendants, Yellow Cab Service Corporation of Florida, Inc, et al (the *"Defendants"*) (Docket No. 62); (iii) the Objection of the National Labor Relations Board, (the *"NLRB"*) (Docket No. 70); (iv) the motion to intervene and objection to the Motion of Great Lakes Transportation Holding, LLC (*"Great Lakes"*) (Docket No. 79); (v) the motion to intervene and objection to the Motion of the National Union Fire Insurance Company of Pittsburgh, PA (*"National Union"*) (Docket No. 89); and (vi) the objection and motion for change of venue, motion for leave to file third-party complaint impleading third-party defendant and other filings of Jon M. Bowdoin (Docket No. 92);[1]

Whereas, the Agent has provided Notice of Sale to the Defendants and all other persons claiming an interest in the Assets on a timely basis within the meaning of Section 9-611 of the

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

Uniform Commercial Code and the form and content of the Notice are in compliance with Section 9-613 of the Uniform Commercial Code and are sufficient notification for all purposes, including, but not limited to the provisions of Section 9-613 of the Uniform Commercial Code, for the disposition of the Assets, the satisfaction of the Obligations under the Credit Agreement secured under the Security Agreement and Pledge Agreement, and to discharge the liens or interests of any subordinated claimant;

Whereas, the Agent's and Defendants' entry into the Settlement Agreement is reasonable, fair and appropriate subject to the terms of the Settlement Agreement, including the reservation of rights and claims contained therein;

Whereas, the Assets have been marketed in a fair and reasonable manner and that, under the circumstances, the Private Sale of the Assets is fair and commercially reasonable with respect to all the holders of the claims, interests and liens in the Assets and has garnered the highest and best price for such Assets under the circumstances;

Whereas, given the nature of the Assets and the very limited market for such Assets, the direct or indirect involvement by Cullan F. Meathe in the Purchaser is acceptable under the circumstances and does not render the sale commercially unreasonable;

Whereas, the actions of the Agent and Lenders have been commercially reasonable and appropriate within the meaning of Section 9-610 of the Uniform Commercial Code; and,

Whereas, the Court being advised in the premises,

It is hereby ORDERED THAT:

1. The Motion, including the relief requested therein, is GRANTED;

2. The objection of Great Lakes is overruled and its motion to intervene is denied;

3. Notwithstanding anything herein to the contrary and subject to all available defenses and counter-claims, and provided that the Purchaser is joined as a party in any action filed and/or being prosecuted by Great Lakes against one or more of the corporate Defendants, the Purchaser assumes (jointly and severally with any corporate Defendant which has liability to Great Lakes) any liability of corporate Defendants to Great Lakes, only, that existed on or before September 15, 2010, including, but not by way of limitation, any liability that the corporate Defendants may have to Great Lakes arising in or related to the matter styled *Great*

*Lakes Transportation Hold LLC v. Yellow Cab Service Corporation of Florida, Inc.* pending in the United States District Court for the Southern District of Florida in case 9:10-CV-80241 (the "Florida Trade Mark Case"). The Purchaser shall have the right to assert any and all defenses and counter-claims to such claims or causes of action available to it or otherwise available to the corporate Defendants. The Purchaser shall have the right to assert any and all claims or causes of action that the corporate Defendants have against Great Lakes. Great Lakes shall have the right to assert any and all defenses and counterclaims to such claims or causes of action, whether available as against the Purchaser or available as against the corporate Defendants. This order shall not affect any claims, causes of action or defenses by and between Great Lakes and either (i) Cullan Meathe or (ii) the corporate defendants. The Purchaser shall not contest or oppose any motion by Great Lakes to amend its complaint to add Purchaser as an additional defendant in the Florida Trade Mark Case, or in any other case where a corporate Defendant is a party nor shall Great Lakes contest or oppose any motion by the Defendants or Purchaser to add Purchaser as a counter-plaintiff in the Florida Trade Mark Case or a party in any other case where a corporate Defendant is a party. Purchaser's obligations and rights under this Paragraph 3 shall be binding on and available to any successor, assignee, grantee or transferee of any of the disputed trade marks that are subject to the Florida Trade Mark Case or any claims against Great Lakes;

4. The objection of National Union is overruled and its motion to intervene is denied;

5. The objection of Jon Bowdoin is overruled and his motions for change of venue and for leave to file third-party complaint impleading third-party defendant are denied;

6. The Defendants' stipulation dated September 7, 2010, with the NLRB is approved and the NLRB objection is deemed withdrawn. Notwithstanding anything in this order to the contrary, this order shall not impair the rights of the NLRB to seek to enforce its rights against the Defendants or the Purchaser or any right of the Purchaser or Defendants to defend any such efforts;

7. The Settlement Agreement is approved;

8. The lien of the Security Agreement and Pledge Agreement is foreclosed on the Assets, the Assets shall be sold to the Purchaser and the Purchase Price shall be applied in accordance with the waterfall contained in Section 3.1 of the Credit Agreement;

9. The sale to the Purchaser is confirmed, with the Purchaser acquiring good and clear title to the Assets free and clear of all liens, encumbrances, claims, interests and successor liabilities of any kind except as explicitly carved out for the benefit of the NLRB or Great Lakes as stated above; and

10. The Court retains jurisdiction to enforce the terms of the Order.

ENTERED this 15th day of Sept., 2010.

_____
UNITED STATES DISTRICT JUDGE